IDA GOLDBLATT, PLAINTIFF-RESPONDENT, v. TIM-BO-LOK CORPORATION, DEFENDANT-APPELLANT.

Submitted October 25, 1940—Decided January 28, 1941.

For the appellant, *Lichtenstein, Schwartz & Friedenberg.*

For the respondent, *Furst & Furst.*

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment in favor of the plaintiff after the defendant's answer was struck as sham. The plaintiff sought to recover the face value of eleven promissory notes assigned to her. All the notes were due and unpaid. The answer struck set up two defenses: One, that the plaintiff was not a holder in due course, and two, that these notes were subject to a condition that they were not to be effective unless the payee named (L. S. Saphier & Co.) procured permanent financing for the defendant, and such it had not done.

In December of 1938, L. S. Saphier & Co., a co-partnership, undertook to try and obtain permanent financing for the defendant who is engaged in the manufacture of prefabricated houses. It also agreed to finance a weekly payroll not to exceed $500 a week for a given period. A later agreement was made on January 5th, 1939. Neither agreement contained any clause suggesting that the moneys advanced and evidenced by notes should not be repaid, whether the financing failed or not. The agreements obligate the financing firm to do no more than to use its best efforts to obtain permanent financing. There was an extension on February 3d, 1939, for a period of ninety days and a plan for the organi-

zation of a Delaware corporation to take over the defendant's property and plant was outlined. This agreement was in substitution of all previous agreements. Again, on March 23d, 1939, a new agreement was made. The financing partnership were to use their best efforts to secure financing according to a new plan. There is no suggestion in this agreement whatever that notes for payroll advances subsequently made should be conditioned upon the financing partnership's success in procuring permanent financing. This last agreement is clearly in substitution for all previous agreements.

Notes upon which there was recovery were dated March 23d, 1939, April 14th, 1939, April 21st, 1939, April 28th, 1939, May 5th, 1939, and May 12th, 1939. All these notes save the first given on the day of the last agreement were subsequent thereto.

On July 27th, 1939, the defendants' vice-president and treasurer made oath in a Chancery proceeding seeking the appointment of a receiver for the defendant company that "the company's liabilities consist only of the sum of $5,471.73 claimed by L. S. Saphier & Co., which it has offered to repay and is able to repay instantly."

When the March 23d, 1939, agreement was entered into certain notes aggregating $3,200 were canceled. This amount deducted from the amount mentioned in the affidavit above quoted from and sworn to July 27th, 1939, leaves the amount for which there was judgment.

The notes were all complete and regular upon their face. The proofs demonstrated that they were due and payable. The answer was in truth palpably false and was properly struck. *N. J. S. A.* 2:27-124; *Eday Fabrics, Inc.,* v. *Seymour Dress Co., Inc.,* 116 *N. J. L.* 251; *Jaeger* v. *Naef,* 112 *Id.* 417.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.